BENNETT TRUCK TRANSPORT,
LLC, Appellant,

v.

WILLIAMS BROTHERS
CONSTRUCTION,
Appellee.

No. 14–06–00923–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 22, 2008.

H.N. Cunningham III, John Paul Tuffnell, Dallas, for appellant.

Charles W. Lyman, John B. Wallace, Houston, for appellee.

Panel consists of Justices YATES, FOWLER, and GUZMAN.

## OPINION

LESLIE B. YATES, Justice.

Appellant Bennett Truck Transport, LLC appeals from the trial court's order granting summary judgment against it on its claim against appellee William Brothers Construction. Because we conclude material fact issues exist, we reverse and remand.

### BACKGROUND

Bennett is a for-hire motor carrier in the business of transporting goods. The Texas Department of Transportation ("TxDOT") issued a permit to Bennett to transport an oversized manufactured housing unit within Texas on a specified route. The permit directed Bennett to travel through Houston, Texas southward on Loop 610 and to exit from Loop 610 onto Highway 59 South. However, due to road construction being conducted by Williams Brothers, the lanes on the exit ramp had been narrowed and were too narrow to accommodate the oversized load. As Bennett's driver traveled on the exit ramp, the manufactured home was damaged beyond repair. As a common carrier, Bennett paid the housing unit owner $24,340 for damage to the home.

Nearly two years after the accident, Bennett sued Williams Brothers, claiming that Williams Brothers negligently failed to place proper signs alerting drivers to the narrowed lanes, as required by its contract with TxDOT. Williams Brothers moved for summary judgment, arguing that Bennett did not have standing because it did not own the housing unit and the owner had not assigned its claim to Bennett. Williams Brothers asserted that Bennett was a settling joint tortfeasor and was prohibited from seeking contribution from Williams Brothers as a co-tortfeasor under *Beech Aircraft Corp. v. Jinkins,* 739 S.W.2d 19 (Tex.1987). Bennett responded

that it was not seeking contribution but was claiming a right to reimbursement based on equitable subrogation, arguing that, as a common carrier, it was an insurer of the property and thus entitled to subrogation. Williams Brothers also moved for summary judgment on the ground that it was protected from liability by section 97.002 of the Texas Civil Practice and Remedies Code, which protects those who contract with TxDOT for road repairs if they comply with relevant contract specifications. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 97.002 (Vernon 2005). Bennett responded that Williams Brothers did not comply with the contract specifications, which required proper signage. The trial court granted summary judgment without specifying the basis, and this appeal followed. In two issues, Bennett argues that the trial court erred in granting summary judgment because it is entitled to proceed under an equitable subrogation theory and because Williams Brothers is not protected from liability under section 97.002.

### Standard of Review

The standard of review for a traditional motion for summary judgment is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). A defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). Under this traditional standard, the court must take as true all evidence favorable to the nonmovant and must make all reasonable inferences in the nonmovant's favor. *See id.* When, as here, the trial court does not specify the basis for its summary judg-

ment, we will affirm the judgment if any one of the theories advanced in the motion is meritorious. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

### Section 97.002

■ Section 97.002 of the Civil Practice and Remedies Code provides:

A contractor who constructs or repairs a highway, road, or street for the Texas Department of Transportation is not liable to a claimant for ... property damage ... arising from the performance of the construction or repair if, at the time of the ... property damage, ... the contractor is in compliance with the contract documents material to the condition or defect that was the proximate cause of the ... property damage....

Williams Brothers moved for summary judgment, arguing that it complied with all TxDOT contract requirements and therefore is protected from liability. In its second issue, Bennett argues that summary judgment on this basis was improper because a fact issue exists regarding Williams Brothers's compliance. We agree. Williams Brothers's contract with TxDOT required proper signage to notify motorists of any lane narrowing. Williams Brothers presented evidence that it generally complied with the contract signage requirements and that at least one employee checked the site multiple times daily to ensure all signs were in place. However, Bennett presented an affidavit from its driver stating that as he was traveling from Loop 610 approaching the exit for Highway 59 south, a route he had traveled many times before, "there were not any signs indicating that there were narrowed lanes on the ramp." A Williams Brothers manager testified that even though he could not recall any signs missing, he could not testify that at the exact date and time

of the accident, a sign was present. Based on this evidence, we conclude that a fact issue exists as to whether, despite its policy and belief to the contrary, the necessary signs were in place when Bennett's driver passed through the exit ramp. Therefore, the trial court erred to the extent that it granted summary judgment on this basis, and we sustain Bennett's second issue.

### Equitable Subrogation

A common carrier is one who holds itself out to the general public as engaged in the business of transporting persons or property from one place to another. *See BML Stage Lighting, Inc. v. Mayflower Transit, Inc.,* 14 S.W.3d 395, 402 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). It is undisputed that Bennett was transporting the housing unit as a common carrier. Unless provided otherwise by law, the duty of a common carrier is as provided at common law. TEX. TRANSP. CODE ANN. § 5.001(a)(1) (Vernon 1999). At common law, common carriers were generally liable as insurers for any loss or injury to the property occurring during transport. *See Travelers Ins. Co. v. Delta Air Lines, Inc.,* 498 S.W.2d 443, 445 (Tex.Civ. App.-Texarkana 1973, no writ) ("At common law the common carrier was *an insurer* of goods entrusted to it for shipment and could only be relieved from liability for failure to deliver by showing affirmatively that such failure to deliver was due to one of several recognized exceptions ...." (emphasis added)); *see also Common Carrier Motor Freight Ass'n v. NCH Corp.,*

788 S.W.2d 207, 209 (Tex.App.-Austin 1990, writ denied) (noting general rule that "[a]t common law, the carrier is fully liable for all damage to cargo in its possession"); *Mo. Pac. R.R. v. John B. Hardwicke Co.,* 380 S.W.2d 706, 707 (Tex.Civ.App.-San Antonio 1964, no writ) (describing general common law shipper liability rule and exceptions and stating that "[w]here the loss is not due to one of these specified causes, it is immaterial whether the carrier has exercised due care or was negligent").

In its first issue, Bennett argues that because it paid the loss to the housing unit's owner as an insurer, it is entitled to seek reimbursement under the theory of equitable subrogation. When an insurer pays a loss, the insurer becomes equitably subrogated to its insured's rights and stands in the insured's shoes against the tortfeasor who caused the loss. *See Argonaut Ins. Co. v. Allstate Ins. Co.,* 869 S.W.2d 537, 541 (Tex.App.-Corpus Christi 1993, writ denied); *accord Ward v. Allied Van Lines, Inc.,* 231 F.3d 135, 140 (4th Cir.2000).[1] Equitable subrogation is a "legal fiction" whereby an obligation that is extinguished by a third party is treated as still existing to allow the creditor to seek recovery from the primarily liable party. *See Murray v. Cadle Co.,* No. 05–06–01481–CV, 257 S.W.3d 291, 2008 WL 1838014, at *5 (Tex.App.-Dallas Apr.25, 2008, no pet. h.). The party claiming entitlement to equitable subrogation must prove that it acted involuntarily in paying a debt and that the debt was one on which the other party is primarily liable. *See*

---

1. Williams Brothers argues that Bennett has no standing to bring this suit because it neither owns the property nor received an assignment of rights from the owner. However, when an insurer pays an owner's loss, it becomes the owner of the cause of action and therefore does not need an assignment. *See Mid–Continent,* 236 S.W.3d at 774 (noting that subrogation grants the party seeking it

"the right to pursue reimbursement from a third party"); *Thoreson v. Thompson,* 431 S.W.2d 341, 347 (Tex.1968) (stating that insurer paying insured's loss becomes owner of cause of action); *see also Jones Motor Co. v. Anderson,* 268 Ga.App. 458, 602 S.E.2d 228, 230 (2004) (explaining that subrogation eliminates the need for formal assignment of rights).

*Mid–Continent Ins. Co. v. Liberty Mut. Ins. Co.,* 236 S.W.3d 765, 774 (Tex.2007); *Murray,* 257 S.W.3d at 296, 2008 WL 1838014, at *6. Texas courts are particularly hospitable to the doctrine. *Murray,* 257 S.W.3d at 296, 2008 WL 1838014, at *5.

We agree that Bennett is entitled to attempt to prove its equitable subrogation theory. Bennett paid full damages to the property owner as an insurer, and thus it should not be precluded from pursuing equitable subrogation as a matter of course without examining the facts of the case. *See Ward,* 231 F.3d at 139–40 (holding that because common carriers are insurers and insurers have subrogation rights, common carriers have subrogation rights). Williams Brothers asserts that common carriers are not truly insurers because they can avoid liability in some circumstances. *See Travelers Ins. Co.,* 498 S.W.2d at 445; *Mo. Pac. R.R.,* 380 S.W.2d at 707. That common carriers may have different avenues to avoid liability does not negate that they are generally liable for any property damage during transit, regardless of their own negligence. *See Mo. Pac. R.R.,* 380 S.W.2d at 707. Williams Brothers asserts that Bennett's driver was likely negligent and thus, Williams Brothers "is no more 'primarily liable' than Bennett and its driver." As discussed above, Williams Brothers's negligence is in dispute, and as Bennett points out, Bennett's negligence or lack thereof is a fact issue for the jury. Equitable subrogation is an equitable remedy that involves balancing of all the equities in the circumstances, including any negligence of the party seeking subrogation. *See Murray,* 257 S.W.3d at 296, 2008 WL 1838014, at *6 (stating that "each case turns on its own facts when the issue is one of purely equitable subrogation" and that factors to consider in balancing the equities include "the negligence of the party claiming subrogation"); *see also Providence Inst. for Savs. v. Sims,*

441 S.W.2d 516, 519 (Tex.1969) (noting that a factor of "some importance" in assessing equitable subrogation is "[n]egligence on the part of one seeking subrogation"). Further, a party is not entitled to equitable subrogation if it pays a debt for which it was primarily liable. *See Mid–Continent,* 236 S.W.3d at 776 (explaining that when one pays a debt upon which it is primarily liable, it fails to satisfy "the traditional subrogation requirement that the subrogee pay a debt for which another was primarily liable"). Thus, the issue of the parties' negligence and who is primarily liable for the accident must be decided by a factfinder.

Williams Brothers asserts that Bennett is really a joint tortfeasor seeking contribution based on Williams Brothers's percentage of responsibility, which is barred by the Texas Supreme Court's opinion in *Jinkins.* The *Jinkins* court held that "a defendant can settle only his proportionate share of a common liability and cannot preserve contribution rights under either the common law or the comparative negligence statute by attempting to settle the plaintiff's entire claim." 739 S.W.2d at 22. The court was concerned, among other things, about the settling party assuming multiple roles, explaining that "the settling defendant's unusual posture as surrogate plaintiff, co-defendant and cross-plaintiff will confuse a jury and possibly prejudice the remaining parties." *Id.* We conclude *Jinkins* does not apply in this situation. *Jinkins* prohibits a defendant from settling a plaintiff's entire claim by paying more than its proportionate share of responsibility and then hoping to obtain reimbursement from other joint tortfeasors. *See id.* That did not happen here. Bennett did not voluntarily pay the owner's entire damages—it was required to do so because of its status as a common carrier. *See Common Carrier Motor Freight*

*Ass'n,* 788 S.W.2d at 209; *Travelers Ins. Co.,* 498 S.W.2d at 445; *Mo. Pac. R.R.,* 380 S.W.2d at 707. Williams Brothers emphasizes that allowing Bennett's suit will require Bennett to play multiple roles as plaintiff and co-defendant, thereby implicating the policy concerns in *Jinkins.* However, equitable subrogation claims often involve multiple roles, such as when an insurer pursues a claim on behalf of its insured driver where both drivers involved in an accident are alleged to be negligent. *See Mid–Continent,* 236 S.W.3d at 774 (explaining that subrogation insurers' claims are subject to any defenses held by the third party against the insured). Texas favors equitable subrogation, even though it may involve dual roles—whether it is the insured's potential negligence, as in a car wreck case, or the insurer's potential negligence, as in this case. Equitable subrogation has its own unique set of circumstances and policy considerations, and this is not the situation contemplated in *Jinkins.*

We conclude the trial court erred to the extent it granted summary judgment on Bennett's equitable subrogation claim. Fact issues exist regarding the negligence of both Bennett and Williams Brothers, and Bennett is entitled to have a jury determine who is primarily liable for the incident. We sustain Bennett's first issue.

Because we have concluded that genuine issues of material fact preclude summary judgment, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.