In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00390-CV**
_____

**APAC-TEXAS, INC., Appellant**

**V.**

**TERRY BEASLEY, Appellee**

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. B-191,186**

**MEMORANDUM OPINION**

Terry Beasley sued APAC-Texas, Inc. ("APAC") for negligence arising out of a motor vehicle accident.[1] APAC filed a traditional motion for summary judgment, which the trial court denied. In this interlocutory appeal, APAC challenges the denial of its motion for summary judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West Supp. 2013). We affirm the trial court's order denying the motion for summary judgment.

---

[1]Beasley sued other individuals who are not parties to this appeal.

1

Factual Background

APAC entered into a contract with TxDOT to conduct roadwork on U.S. Highway 69. The contract requires a licensed professional engineer to develop and design a traffic control plan, but allows the contractor to submit proposed changes to the engineer for approval. The engineer decides which appropriate traffic control devices to use. The contractor may not change the location of devices without the engineer's approval. Kevin Grissom, a TxDOT field engineer, testified that APAC should have provided a message board stating that the right lane was closed ahead; instead, APAC installed a sign advising motorists to merge right. According to Beasley, construction barrels blocked the right lane and traffic was merging left. As Beasley attempted to merge back into the left lane, he became involved in a multi-car collision.

APAC Manager Kenneth Pierce testified that APAC relies on the traffic control plan when designing the work zone. Pierce admitted that APAC has a duty to follow the plan absent changes by an engineer, but that APAC deviated from the traffic control plan. He explained that APAC complied with the plan as a guideline. Grissom testified that a traffic control plan is State-mandated and that APAC would be in breach of its agreement with the State if it failed to follow the plan. According to Grissom, APAC had to use its discretion because there was no

2

applicable traffic control plan. He explained that when a traffic control plan does not provide guidance as to which signs should be used and where they should be placed, contractors should use the plan as a guide to design the lane closure. Grissom drove through APAC's construction zone and testified that the lane closures complied with the traffic control plan and he did not ask APAC to change the closure or object to the manner in which APAC set up the construction zone. Field engineer Benjamin Springs testified that a person need not be an engineer to follow a traffic control plan, but that any deviations from the plan should be referred to an engineer. Springs testified that APAC's signage was appropriate for the situation.

Pierce explained that APAC tries to design signage for the safety of its employees and the public. He testified that APAC employees relied on their judgment when setting up the construction zone and that APAC decided how to best construct the zone. According to Pierce, Springs and Grissom approved APAC's changes to the traffic control plan. He admitted that there is a difference between a field engineer and a professional licensed engineer. In his deposition, Grissom gave conflicting testimony as to whether APAC was in compliance with the traffic control plan. However, Grissom believed APAC was in compliance with all contract specifications.

3

Summary Judgment

In its sole appellate issue, APAC contends that the trial court erroneously denied its motion for summary judgment because, according to APAC, it is statutorily immune from liability. We review a trial court's ruling on a traditional summary judgment motion *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We "consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). We "consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion." *Id*. at 756.

A contractor who constructs or repairs a highway, road, or street for TxDOT is not liable to a claimant for injuries arising from the performance of the construction or repair if, at the time of the injury, the contractor is (1) in compliance with contract documents (2) that are material to the condition or defect (3) that was the proximate cause of the injury. Tex. Civ. Prac. & Rem. Code Ann. § 97.002 (West 2011); *Clark Constr. of Tex., Ltd. v. Bendy*, No. 09-12-00560-CV, 2013 Tex. App. LEXIS 5094, at *11 (Tex. App.—Beaumont Apr. 25, 2013, no pet.) (mem. op.). Contractors making road repairs for the State of Texas "must

4

conform to the work specifications set by the governmental unit overseeing the project." House Comm. on Civ. Practices, Bill Analysis, Tex. H.B. 1699, 78th Leg., R.S. (2003). "Sometimes those specifications may be inadequate or flawed to such a degree as to threat[en] or cause harm or damage to some person or some property." *Id*. Accordingly, "a contractor performing roadwork for the State of Texas may not be held liable for damage or injury resulting from work performed in substantial compliance with TxDOT's contract documents." *Bendy*, 2013 Tex. App. LEXIS 5094, at *11; *see* Tex. Civ. Prac. & Rem. Code Ann. § 97.002. The record demonstrates that APAC was performing roadwork for TxDOT when the accident occurred. If APAC was in compliance with TxDOT's contract documents regarding traffic control and its conduct was the proximate cause of Beasley's injuries, APAC will be entitled to immunity. *See Bendy*, 2013 Tex. App. LEXIS 5094, at **11-12; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 97.002.

The summary judgment response presented testimony that APAC was required to follow the traffic control plan, APAC's signage advising motorists to merge right did not comply with the plan, only a licensed engineer could approve deviations from the plan, APAC did not consult a licensed professional engineer, and APAC would be in breach if it failed to follow the plan. APAC's summary judgment evidence included testimony that contractors must sometimes use the

5

traffic control plan as a guide when designing a work zone, the field engineers voiced no complaints about APAC's work zone, and despite its deviation from the traffic control plan, APAC's signage was appropriate and APAC was in compliance with the contract. Accordingly, viewing the evidence in the light most favorable to Beasley, reasonable and fair-minded jurors could differ in their conclusions regarding whether APAC's signage complied with contractual requirements. *See* Tex. Civ. Prac. & Rem. Code Ann. § 97.002; *see also Bennett Truck Transp., LLC v. Williams Bros. Constr.,* 256 S.W.3d 730, 732-33 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (A fact issue existed as to whether the signage required by TxDOT was present.). Because a fact issue exists as to APAC's compliance, APAC failed to conclusively establish entitlement to immunity and the trial court properly denied APAC's traditional motion for summary judgment. We overrule APAC's sole issue and affirm the trial court's order denying APAC's motion for summary judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 30, 2013
Opinion Delivered March 6, 2014

Before McKeithen, C.J., Kreger and Johnson, JJ.